IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAMES WYATT PELHAM AND § | |
| TONYA PELHAM § | |
| § | |
| V. § | C.A. NO. |
| § | |
| MERCER TRANSPORTATION CO., INC. § | |
| AND BENNIE GENE WOODS § | |

### NOTICE OF REMOVAL

Defendant, Mercer Transportation Co. Inc, through undersigned counsel, petitions this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for removal of this action currently filed in the 344th Judicial District Court of Chambers County, Texas. In support of this petition, Defendant states as follows:

### BACKGROUND

1. On December 6, 2016, Plaintiffs, James and Tonya Pelham filed an Original Petition against Mercer Transportation and Bennie Woods, alleging personal injuries in a traffic incident with a motor vehicle and a tractor trailer. This Petition is styled *James Wyatt Pelham and Tonya Pelham v. Mercer Transportation Co., Inc. and Bennie Gene Woods;* Cause No. CV-30622; and was filed in the 334th Judicial District Court of Chambers County, Texas.

### Diversity of Citizenship

2. Plaintiffs are residents of Texas.

Defendant, Mercer Transportation is a corporation organized under the laws of the State of Indiana with its principle place of business in Kentucky.

Defendant Bennie Gene Woods is a citizen of the State of Florida. Defendant Woods has not been served with citation in this matter. Defendant Bennie Woods is an owner operator/independent contractor for Defendant Mercer Transportation. Mercer has contacted

Bennie Woods and confirmed that he has not been served with a citation to the best of his knowledge and that he consents to the removal of this action to Federal Court.

Therefore, there is complete diversity between the parties.

### Basis for Removal Based on Diversity Jurisdiction

3. This cause may be removed pursuant to 28 U.S.C. Section 1441(a). "Any civil action brought in state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant… to the District Court of the United States for the district and division embracing the place where such action is pending." This court has jurisdiction over this matter under 28 U.S.C. Section 1332 because there is complete diversity between the parties and the amount in controversy is greater than $75,000.00. Plaintiff has specifically pled damages in excess of $200,000.00 (see Plaintiff's Original Petition).

### Timely Filed

4. Defendant Mercer was served on January 5, 2017. Therefore, this Notice of Removal is filed with this Court within thirty (30) days of service of the initial pleading upon the removing Defendant, as required by 28 U.S.C. § 1446(b).

5. Defendant is entitled to remove this action to the United States District Court for the Southern District of Texas, Galveston Division, where the state court action is currently on file.

6. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined have consented to the removal of the action.

### Compliance With Notice Requirements

7. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument has been contemporaneously given to the Plaintiff. A true and correct copy of this Notice of Removal has

been contemporaneously attached as an exhibit with a written notice of removal filed with the clerk of State Court.

8.  The District Clerk for Chambers County, Texas, has been given written notice of the filing of this Notice of Removal.

9.  Defendant, therefore, respectfully requests the removal of this action from the 344th Judicial District Court of Chambers County, Texas.

                    Respectfully submitted,

*/s/ David W. Prasifka*

David W. Prasifka
SDN:  7516
SBN:  16231700
2900 North Loop West, Suite 500
Houston, Texas  77092
Telephone:  (713) 868-5560
Facsimile:  (713) 864-4671
dwp@lorancethompson.com
**Attorney for Defendant**
**Mercer Transportation Co., Inc.**

OF COUNSEL:

LORANCE & THOMPSON, P.C.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 1st day of February, 2017, a true and correct copy of the foregoing document was provided to the following parties by mail, efile, courier service, or telefax transmission pursuant to the Federal Rules of Civil Procedure.

_____
David W. Prasifka