UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES WYATT PELHAM AND TONYA PELHAM | § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 3:17-cv-00034 |
| VS. | § § | |
| MERCER TRANSPORTATION CO., INC. and BENNIE GENE WOODS | § § § | |
| Defendants. | | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

COME NOW, JAMES WYATT PELHAM and TONYA PELHAM, Plaintiffs in the above-styled and numbered cause of action, complaining of Defendants MERCER TRANSPORTATION CO., INC. and BENNIE GENE WOODS (collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

## I.  CLAIM FOR RELIEF

1.1     Plaintiffs seek monetary relief over $200,000.00 but no more than $1,000,000.00.

## II. PARTIES

2.1     James Wyatt Pelham is a resident of Texas.

2.2     Tonya Pelham is a resident of Texas.

2.3     Mercer Transportation Co., Inc. ("Defendant Mercer Transportation") is a company who has filed an answer.

2.4     Bennie Gene Woods ("Defendant Woods") is an individual resident of the State of Florida. This action arises out of an accident in which Defendant Woods was involved while operating a motor vehicle in this state; therefore, service upon Defendant Woods may be made pursuant to Texas Civil Practice and Remedies Code §§ 17.061 - 17.069. Process should be

served on Defendant Woods by serving Tyron D. Lewis, Chairman of the Texas Transportation Commission, at 125 E. 11th St., Austin, Texas, 78701-2483, to be forwarded to the last known addresses for Defendant Woods: 5210 N. Nebraska Ave. E., Tampa, FL 33603, and 1618 Linden Ave., Tampa, FL 33604.

### III.  JURISDICTION

3.1     This Court has jurisdiction in this cause under 28 U.S.C. § 1332(a)(1) because the suit is between citizens of this state and citizens of a different state, and the amount in controversy exceeds $75,000, excluding interests and costs.

### IV. VENUE

4.2     All or a substantial part of the events or omissions giving rise to the claim occurred in this district. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent have been performed or have occurred.

### VI. FACTS

6.1     On or about March 7, 2015, Plaintiffs and Defendant Woods were traveling eastbound on IH-10 in Chambers County, Texas. Defendant Woods changed lanes when unsafe striking Plaintiffs' vehicle. Defendant Woods was operating a commercial motor vehicle in the course and scope of his employment with Defendant Mercer Transportation under its operating authority (US Department of Transportation no. 154712).   The collision occurred with tremendous force, proximately causing Plaintiffs to suffer severe, excruciating, and painful personal injuries. Nothing Plaintiffs did caused or contributed to this occurrence.

### VII.  NEGLIGENCE OF DEFENDANT MERCER TRANSPORTATION

7.1     Defendant Mercer Transportation was the owner of the vehicle that was being operated by Defendant Woods.  At all times material to this lawsuit, Defendant Woods was an

employee of Defendant Mercer Transportation and was acting within the course and scope of his employment with Defendant Mercer Transportation. Consequently, Defendant Mercer Transportation is vicariously liable to Plaintiffs for the negligent conduct of Defendant Woods, under the theory of *respondeat superior*.

## VIII. NEGLIGENCE OF DEFENDANT WOODS

8.1     The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Woods.  The conduct of Defendant Woods constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiffs made the basis of this suit.  Defendant Woods' negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a.     failing to drive in a single lane safe in violation of Texas Transportation Code chapter 545;

b.     failing to pass properly in violation of Texas Transportation Code chapter 545;

c.     failing to control the operation of his vehicle;

d.     failing to avoid the incident in question;

e.     failing to keep a proper look out;

f.     failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408(a)(3);

g.     failing to operate his vehicle in a safe manner; and

h.     failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance.

One, some, or all of the foregoing acts and/or omissions, or others on the part of Defendant Woods, constituted negligence and negligence per se and such negligence was a proximate cause of the occurrence of Plaintiffs' injuries and damages.

8.2     Plaintiffs would show this Court that the harm Plaintiffs suffered is the type of harm which the above statute is intended to prevent.  Plaintiffs would also show this Court that Plaintiffs are members of the class of persons in which the statute was enacted to protect.  Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

## IX.  DAMAGES

9.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiffs sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

9.2     Plaintiffs respectfully request that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

        a.     past and future physical pain and suffering and mental anguish;

        b.     past and future disfigurement;

        c.     past and future physical impairment;

        d.     past and future medical care expenses;

        e.     past and future loss of earning capacity;

        f.     past and future loss of household services; and

        g.     past and future out-of-pocket economic losses.

9.3     Because of all of the above and foregoing, Plaintiffs have suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiffs now bring suit.

9.4     Plaintiffs seek both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which they may be entitled.

## X.  JURY DEMAND

10.1    Plaintiffs respectfully request and demand a trial by jury. The appropriate jury fee will be tendered with the filing of this pleading, if it has not been tendered already.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiffs recover damages in accordance with the evidence, that Plaintiffs recover costs of court herein expended, that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*/s/ Frank W. Robertson*
**FRANK W. ROBERTSON**
State Bar No. 24033129
frobertson@jimadler.com
**LANGDON SMITH**
State Bar No. 00797456
lsmith@jimadler.com
Bank of America
12605 East Freeway, Suite 400
Houston, Texas  77015
Telephone:     (713) 335-1032
Facsimile:      (713) 335-1018
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was produced to all parties of record on this 3rd day of March, 2017 via CM/ECF system:

***<u>Via Facsimile: (713) 864-4671</u>***
David W. Prasifka
Lorance & Thompson, PC
2900 North Loop West, Suite 500
Houston, Texas 77092

*/s/ Frank W. Robertson*
**FRANK W. ROBERTSON**